IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL AFRAM ORJI,

                Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

WARDEN, FCI OXFORD; and IMMIGRATION AND　　　24-cv-300-jdp
CUSTOMS ENFORCEMENT,

                Respondents.

---

Petitioner Michael Orji, proceeding without counsel, renews his request for a writ of habeas corpus under 28 U.S.C. § 2241. I denied his initial petition without prejudice because he wanted an unspecified amount of time to communicate with his attorney about his immigration proceedings. Dkt. 13, at 1.[1] Orji asked to reopen his case, and I granted his request, Dkt. 17, but Orji moved to strike his updated petition, so I directed the clerk of court to close the case, Dkt. 20. Orji again moved to reopen his case, and I granted his request. Dkt. 23.

In his updated petition, Orji contends that he has earned First Step Act (FSA) time credits entitling him to placement in prerelease custody or early transfer to supervised release. Dkt. 22, at 1. Orji's own evidence shows that he is the subject of a final order of removal, which disqualifies him from applying FSA time credits toward placement in prerelease custody or early transfer to supervised release. So I will deny his petition.

---

[1] Citations to filings from the docket use the page numbers assigned by CM/ECF, not the page numbers in the original document.

BACKGROUND

Orji is a native of Nigeria. Dkt. 2, at 1. In 2012, an immigration judge ordered that Orji be removed to Nigeria. Dkt. 22, Ex. 2. Orji did not appeal the removal order. Dkt. 22, at 2. Immigration and Customs Enforcement neither deported nor removed Orji to Nigeria; instead, it placed him under its supervision. Dkt. 22, Ex. 3, at 2. In 2013, Orji filed an application for a certificate of citizenship with the United States Citizenship and Immigration Services (USCIS), which denied Orji's application after determining that he had not derived citizenship from his mother. Dkt. 27, ¶ 17. Orji filed another application in 2024, Dkt. 22, Ex. 4, but USCIS rejected it because of USCIS's denial of his first application, *see* Dkt. 27, ¶ 18.

Orji is serving a term of 120 months, with five years of supervised release, based on a 2019 conviction in the United States District Court for the District of Columbia for conspiracy to commit bank fraud and conspiracy to launder monetary instruments. *United States v. Orji*, No. 18-cr-68 (D.D.C.), Dkt. 42. Orji is incarcerated at FCI-Oxford and has a projected release date of July 9, 2026. Dkt. 22, at 1. He has earned a total of 615 FSA credits; if Orji is eligible to apply those credits, 365 of them could go towards early supervised release, and the remaining 250 time credits could go towards early placement in prerelease custody.

ANALYSIS

The FSA establishes a "risk and needs assessment system," which allows prisoners who successfully participate in evidence-based recidivism reduction programming or productive activities to earn credits to be applied toward time in prerelease custody or supervised release. 18 U.S.C. §§ 3632(a); *see id.*, § 3632(d)(4)(A), (C). But the FSA prohibits the Bureau of Prisons from applying earned-time credits toward prerelease custody or supervised release if the

prisoner is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. § 3632(d)(4)(E)(i); *see also* 28 C.F.R. § 523.44(a)(2). An order of removal becomes final when the 30-day period for appealing the order to the Board of Immigration Appeals expires. *See* 8 U.S.C. § 1101(a)(47)(B)(ii); 8 C.F.R. § 1003.38(b).

Orji attached to his petition an order of removal entered against him on May 9, 2012. Dkt. 22, Ex. 2. Orji had until June 8, 2012, to appeal this removal order. Orji admits that he did not do so. Dkt. 22, at 2. Thus, Orji is subject to a final order of removal, and he is ineligible to apply earned-time credits toward prerelease custody or supervised release.

Orji resists this conclusion. He contends that the final order of removal is "old, expired, invalid, and not reinstated." *Id.* True, the removal order is more than a decade old, but it has not expired. Generally, once an order of removal becomes final, the Attorney General has 90 days to remove the individual subject to that removal order. *See* 8 U.S.C. § 1231(a)(1)(A). When, as here, the individual is not removed within the removal period, the individual is subject to supervision by Immigration and Customs Enforcement. *See id.* § 1231(a)(3). But this supervision is "pending removal." *Id.*

Orji's 2012 removal order remains in effect. It has not been reinstated, as Orji contends, because reinstatement applies only when "an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal." *Id.* § 1231(a)(5). In those circumstances, the prior order of removal is "reinstated from its original date and is not subject to being reopened or reviewed." *Id.* Orji has not been removed from the United States, so reinstatement is inapplicable.

Orji's removal order is also not invalid. If Orji believed the removal order to be erroneous, he should have appealed it to the Board of Immigration Appeals. He did not do so.

3

Nor did he ask the relevant court of appeals to review the order of removal within 30 days after it became final. *See* 8 U.S.C. § 1252(b)(1).

Finally, Orji contends that his removal order does not apply because he is seeking asylum. *See* Dkt. 22, at 2–3. But his removal order remains in effect unless and until he prevails in his proceedings before the immigration courts or a court of appeals. *See Kavaja v. Emmerich*, No. 24-cv-620-wmc, 2025 WL 472876, at *2 (W.D. Wis. Jan. 14, 2025).

ORDER

IT IS ORDERED that:

1. Petitioner Michael Orji's petition for a writ of habeas corpus under 28 U.S.C. § 2241, Dkt. 22, is DENIED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 26, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge